Mathew K. Higbee, Esq., SBN 241380
Kelton Johnson, Esq., SBN 303535
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8331
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorneys for Plaintiff,*
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO., INC., | Case No. 5:20-cv-412 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| STATER BROS. MARKETS; and DOES 1 through 25 inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Adlife Marketing & Communications Co., Inc. ("Adlife" or "Plaintiff"), brings this complaint against Stater Bros. Markets, and DOES 1 through 10, inclusive (collectively "Stater Bros." or "Defendant") as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief against Defendant for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

2.      This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3.      Personal jurisdiction exists over Defendant because Defendant is physically present in California, with its headquarters located at 301 South

Tippecanoe Avenue, San Bernardino, California, and 169 stores across Southern California, many of which are located in this judicial district. Additionally, Defendant directed its infringing conduct towards California citizens and has wrongfully caused Plaintiff injury in the State of California.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant has minimum contacts in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant has minimum contacts, committed the acts of infringement, and has numerous regular and established places of business in this judicial district, including its headquarters.

## PARTIES

5.      Plaintiff Adlife Marketing & Communications Co., Inc. ("Adlife") is a Rhode Island corporation with its principal place of business in Pawtucket, Rhode Island.

6.      On information and belief, Defendant Stater Bros. is a California corporation headquartered in San Bernardino, California which operates the Stater Bros. Market grocery store chain and a website, https://www.staterbros.com.

7.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 25, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

Complaint For Damages
And Injunctive Relief

## STATEMENT OF FACTS

### Adlife and the Photographs Forming the Subject Matter of This Complaint

8.     Adlife is an advertising and marketing agency whose team of seasoned professionals has, for decades, provided elite branding services to its clientele. With its innovative marketing campaigns and its production of high quality printed pieces such as retail circulars, signage, pamphlets and more, Adlife enables its clients to build a brand through compelling visual arrangements.

9.     For decades, Adlife has created, artistically arranged and professionally produced a library of still images of food and other grocery items. Adlife's library now consists of over 20,000 photos. The photographs are high-resolution, artistically rendered with pleasing angles and selective lighting, color-corrected and color-separated, which makes them particularly valuable as, when used together, they provide color consistency.

10.    For valuable consideration, Adlife has licensed the rights to reproduce, distribute and publicly display its copyrighted photographs, or derivative versions thereof, to other advertising agencies and retailers.

11.    Adlife is the holder of all rights, title and interests in and to said food photographs, which form the subject matter of this dispute (the "Copyrighted Food Photographs").

12.    Adlife has registered these Copyrighted Food Photographs with the United States Copyright Office, and the registrations have been accepted and registration certificates issued to Adlife.

### Defendant Stater Bros. Markets

13.    Defendant Stater Bros. is a company that operates 169 grocery stores in Southern California under the Stater Bros. brand.  Stater Bros. is a full service grocery store chain that offers a wide array of grocery products including fresh produce, prepared entrees and side dishes, a meat and seafood counter, a deli counter, and more. Stater Bros. has annual sales of over $4 Billion. *See*

Complaint For Damages
And Injunctive Relief

1    *https://www.staterbros.com/history/.*

2        14.    In order to advertise its grocery products, Stater Bros. posts food

3    images to its website https://www.staterbros.com (the "Stater Bros. Website").

4        15.    In order to advertise its grocery products, Stater Bros. posts food

5    images to at least one third-party website called Instacart (a grocery delivery

6    service).

7        16.    In order to advertise its grocery products, Stater Bros. distributes

8    regular print and digital circulars to thousands of households.

9        17.    Stater Bros.' print circulars consist primarily of prominently displayed

10   food images accompanied with name and pricing information. This print circular is

11   also distributed as a digital version online. *See* https://www.staterbros.com/weekly-

12   ads/.

13       18.    On information and belief, Stater Bros. uses these advertisements to not

14   only sell the item being advertised, but to entice people to enter a store where they

15   will likely purchase numerous items not advertised.

16       19.    On information and belief, Stater Bros. relies on professional quality

17   food photographs to sell food on the Instacart grocery delivery service platform.

18       20.    The food images posted to Instacart by Stater Bros. are the only images

19   of the food visible to the customer on Instacart until it has been delivered to the

20   customer's home.

21    ***Stater Bros.' Infringement of Adlife's Copyrighted Food Photographs***

22       21.    Starting on or about July 16, 2019, Adlife discovered that Stater Bros.

23   was using three of Adlife's Copyrighted Food Photographs, an image of meatloaf, an

24   image of potatoes in a basket, and an image of a pork chop, on the Instacart website.

25   True and correct copies of the Copyrighted Food Photographs are attached hereto as

26   Exhibit A.

27       22.    True and corret copies of the Registration Certificates issued by the

28   United States Copyright Office, under which the Copyrighted Food Photographs are

Complaint For Damages
And Injunctive Relief

1    registered, are attached hereto as Exhibit B.

2        23.    On information and belief, Stater Bros. continues to use additional

3    Copyrighted Food Photographs that have yet to be identified by Adlife. Adlife will

4    amend its complaint once the totality of Stater Bros.' infringing actions are

5    ascertained.

6        24.    Stater Bros.' use of the Copyrighted Food Photographs for advertising

7    and promotional purposes is irrepressibly commercial.

8        25.    Said use has and continues to generate revenue for Stater Bros. by

9    luring clientele with high-quality food stills, thereby increasing demand for Stater

10   Bros.' retail products.

11       26.    Adlife had/has no record of Defendant purchasing a license to use any

12   of its Copyrighted Food Photographs, and Defendant is not authorized to use any of

13   its Copyrighted Food Photographs in any manner.

14       27.    On information and belief, Stater Bros. has not purchased a license to

15   use the Copyrighted Food Photographs through Adlife's website

16   www.PreparedFoodPhotos.com.

17       28.    True and correct infringement notices generated by Plaintiff and sent to

18   Instacart regarding infringing uses of the Copyrighted Food Photographs, which

19   depict screenshots of the Copyrighted Food Photographs being used on the Instacart

20   website by Stater Bros., are attached hereto as Exhibit C.

21              ***Adlife's Distribution of its Copyrighted Food Photographs***

22       29.    Adlife currently offers its entire library of Copyrighted Food

23   Photographs for licensing through a monthly subscription service to its website

24   www.PreparedFoodPhotos.com.

25       30.    Subscribers to www.PreparedFoodPhotos.com pay a negotiated rate for

26   access to Adlife's library. A current subscription to Adlife's library through

27   www.PreparedFoodPhotos.com is charged on a per month basis depending upon a

28   variety of factors including, among other factors, the number of locations supported

Complaint For Damages
And Injunctive Relief

by each subscriber.

31.     Adlife does not currently license its Copyrighted Food Photographs by any other means.

32.     In the past, Adlife has authorized a third party company, MultiAd/LSA, to license limited portions of their image library containing some of the Copyrighted Food Photographs.

33.     MultiAd/LSA, was authorized to allow its clients access to approximately 12,000 Copyrighted Food Photographs owned by Adlife on a subscription basis. In 2016, Adlife and Multiad/LSA ended their business relationship and all Multiad/LSA customers were sent notice in December of 2016 that use of Adlife images after March 1, 2017 would be considered unauthorized.

34.     On information and belief, Stater Bros. obtained the copyrighted food photographs from Multiad/LSA.

35.     On information and belief, Stater Bros. received notification from Multiad/LSA informing them that use of Adlife's Copyrighted Food Photographs after March 1, 2017 would be unauthorized.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***
**Against All Defendants**

36.     Adlife incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Adlife is the owner of all rights, title, and interest in the copyrights to the Copyrighted Food Photographs, which are original works of authorship subject to copyright protection under the laws of the United States.

38.     Adlife's Copyrighted Food Photographs have been registered with the

Complaint For Damages
And Injunctive Relief

United States Copyright Office and perfected registration certificates have been issued.

39.     Plaintiff is informed and believes and thereon alleges that Stater Bros. has directly, vicariously, contributorily and/or by inducement willfully infringed Adlife's copyrights by reproducing, displaying, distributing, and utilizing the Copyrighted Food Photographs in violation of 17 U.S.C. § 501 *et seq.* knowing that its did not have a license agreement to use the images.

40.     Stater Bros. has willfully infringed, and unless enjoined, will continue to infringe Adlife's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photographs.

41.     All of Stater Bros.' acts are and were performed without Adlife's permission, license, or consent.

42.     Adlife has identified at least 15 instances of infringement of at least 3 of its Copyrighted Food Photographs by way of unlawful reproduction and display.

43.     On information and belief, Stater Bros. has further infringed in materials not yet available to Plaintiff due to the absence of discovery. If and when other infringements are determined and discovered in this case, Adlife expressly reserves the right to amend the pleadings to include additional acts of infringement as needed.

44.     The said wrongful acts of Stater Bros. have caused, and are causing, great injury to Adlife, which damage cannot be accurately computed, and unless this Court restrains Stater Bros. from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law.

45.     Accordingly, Adlife seeks a declaration that Stater Bros. is infringing its copyrights and an order under 17 U.S.C. § 502 enjoining Stater Bros. from any further infringement of its copyrights.

46.     As a result of Stater Bros.' violations of Title 17 of the U.S. Code, Adlife is entitled to recover damages in the form of any actual damages and

Complaint For Damages
And Injunctive Relief

disgorgement of profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

47.    As a result of Stater Bros.' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Stater Bros..

48.    Adlife is also entitled to injunctive relief to prevent or restrain infringement of its copyrights pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Adlife requests judgment against Stater Bros. as follows:

1.    Stater Bros. and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with Stater Bros. be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Copyrighted Food Photographs of Adlife pursuant to 17 U.S.C. § 502;

2.    The Court enter a seizure order directing the U.S. Marshal to seize and impound all items possessed, owned or under the control of Stater Bros., their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Adlife's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any image which infringes, contributorily infringes, or vicariously infringes upon Adlife's copyrights in the Copyrighted Food Photographs as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

3.    An accounting be made for all profits, income, revenue, receipts or other benefit derived by Stater Bros. from the infringing and unlawful use, reproduction, copying, display, promotion, distribution, or sales, either now known

Complaint For Damages
And Injunctive Relief

or hereafter devised, of or involving, or even related to the marketing which included, Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4.      Actual damages and disgorgement of all profits derived by Stater Bros. from its acts of copyright infringement to reimburse Adlife for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Adlife's election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

5.      Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 or otherwise available by law;

6.      Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, or as otherwise available by law;

7.      Prejudgment interest to Adlife on all amounts owed; and

8.      Any such other and further relief as the Court may deem just and appropriate.

Dated: February 28, 2020                    Respectfully submitted,


                                            **/s/ Mathew K. Higbee**
                                            Mathew K. Higbee, Esq.
                                            Cal. Bar No. 241380
                                            **HIGBEE & ASSOCIATES**
                                            1504 Brookhollow Dr., Ste 112
                                            Santa Ana, CA 92705-5418
                                            (714) 617-8331
                                            (714) 597-6559 facsimile
                                            *Counsel for Plaintiff*

Complaint For Damages
And Injunctive Relief

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff, Adlife Marketing & Communications Co., Inc., hereby demands a trial by jury in the above matter.

Dated: February 28, 2020

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8331
(714) 597-6559 facsimile
*Counsel for Plaintiff*

Complaint For Damages
And Injunctive Relief